[L. A. No. 3462.   Department One.—April 19, 1915.]

JOHN LAPIQUE, Appellant, v. CATHERINE AGOURE
et al., Respondents.

NEGLIGENCE—DEATH RESULTING FROM—MERE STRANGER CANNOT MAIN-
TAIN ACTION FOR—DISMISSAL BY COURT SUA SPONTE—FRIVOLOUS
APPEAL.—The trial court has power to dismiss of its own motion
and without notice to any of the parties, an action against the
widow and heirs of a deceased person to recover damages in the
sum of one million dollars for the death of such deceased through
the alleged negligence of the defendants, where the complaint fails
to show that there was any relationship whatever between the plain-
tiff and the deceased, but merely alleges that the plaintiff, as a
surviving partner of a copartnership of which the deceased had
been a member, had suffered the damage by reason of the loss to
the partnership of the "society" of the deceased. The plaintiff is
not prejudiced by such dismissal, and an appeal by him from the
judgment will be deemed frivolous, for which damages will be
awarded the respondents.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   F. R. Willis, Judge.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

W. I. Foley, for Respondents.

At the close of the argument, Shaw, J., delivered the opin-
ion of the court, Sloss, J., and Lawlor, J., concurring.

The action in this case was begun by the filing of a paper,
designated a complaint, on January 20, 1913. Summons
was served upon the defendants on January 22, 1913. On
January 24, 1913, the court below of its own motion entered
this order:

"In this case the complaint states no cause of action in
favor of plaintiff nor any other person. It is not signed or
filed by any attorney of this court or by any person having
an interest in any cause of action stated therein. The refer-
ences therein to the probate department of this court are con-
tumacious and disrespectful, and this court believing that

citizens should not be harassed by legal proceedings insti-
tuted by irresponsible persons and that courts ought not to
waste time and incur expense considering such pleadings, the
court on its own motion orders plaintiff's complaint stricken
from the files and the cause dismissed.''

This order was duly entered as a judgment and the plain-
tiff appealed. It does not appear that either party was
present when the order was made. The proceeding would
perhaps have been more orderly and regular if the court had
cited the plaintiff to appear before it at some fixed time to
show cause why such an order should not be made and had
then made the order. Regardless, however, of any question
of the regularity of the proceedings, the order must be
affirmed on the ground that by no possibility could it have
produced any harm to the plaintiff. The so-called complaint
presents a pretended cause of action so preposterous that it
should not be tolerated by any court. The plaintiff claims
one million dollars' damages because of the death of Pierre
Agoure, which, it is alleged, was caused by the negligence of
the defendants. The defendants are the widow and heirs of
Agoure and are the only persons in whose behalf an action
could be maintained for Agoure's death from the negligence
of another. Actions for death caused by negligence cannot
be maintained at all except in cases where the statute so de-
clares. Sections 376 and 377 of the Code of Civil Procedure
give the right to maintain such actions only to the parent,
the personal representative, or the heir, or the guardian of
an heir, of the person whose death has been so caused. The
plaintiff does not show any relationship whatever to Mr.
Agoure. He alleges that there was a partnership once exist-
ing between Agoure and two other persons named Menendez
and he describes himself as a surviving partner, that is, a
surviving partner of a firm of which he was not a member,
and he alleges that the damages were caused by the loss to
the partnership of the ''society'' of Agoure. Nothing quite
so preposterous has, to our knowledge, ever been presented
in any court. The only thing for a court to do with such a
pretended cause is to dismiss it. Such dismissal could not
have injured Mr. Lapique in the slightest degree.

The taking of this appeal could have had no other motive
than that of keeping alive an action on a claim that was
utterly without foundation. It could not have been for any

other purpose than to cause the defendants the annoyance and delay that ensued from taking the appeal and perhaps as a means of securing some sort of a compromise. It is a case in which damages should be awarded.

The order appealed from is affirmed, and it is further ordered and adjudged that the defendants recover from the plaintiff the sum of one hundred dollars as damages because of this appeal.